UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO G. PAEZ, JR., | CASE NO. 1:17-cv-00285-MJS (PC) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | **(ECF NO. 1)** |
| CORIZON HEALTH, INC. | |
| Defendant. | **AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a pretrial detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His February 27, 2017 complaint is before the Court for screening. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.) No other parties have appeared.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or

any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) That a right secured by the Constitution or laws of the United States was violated; and (2) That the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, at 677-78.

## III. Plaintiff's Allegations

Plaintiff is currently detained in Fresno County Jail, where the acts giving rise to his complaint occurred. Accordingly, the Court proceeds on the presumption that he is a

pretrial detainee.[1] He brings this suit against Corizon Health ("Corizon").

Plaintiff's allegations may be summarized essentially as follows:

Plaintiff was hospitalized at Community Regional Medical Center ("CRMC") in Fresno, California before being transferred to Fresno County Jail on December 22, 2016. While at CRMC, Plaintiff underwent surgery on his right arm to remove "muscle and skin tissue." This surgery was necessary to treat a methicillin-resistant *Staphylococcus aureus* ("MRSA") infection caused by a surgeon who used a "dirty/medical instrument" while performing a prior operation. The second surgery (to treat Plaintiff's MRSA infection) resulted in an open wound that "hasn't closed."

Plaintiff was seen at CRMC for post-surgery follow up after the second operation, where providers "monitored the open wound." Plaintiff was told to continue follow up until the wound closed, was prescribed antibiotics "for only 7 days," and was treated with "daily wrappings" until January 29, 2017. "Within the following week," Plaintiff's open wound "blistered up with puss" and became infected. Plaintiff was prescribed antibiotics again along with daily wrappings, this time until March 1, 2017. Plaintiff requested a skin graft to address the open wound, but "jail medical staff," presumably Corizon employees, canceled his last appointment with the "orthopedic/burn unit" at CRMC, telling Plaintiff that he "didn't need medical treatment."

Plaintiff suffers "pain from irreparable nerve damage" resulting from the second surgery performed to treat his MRSA infection. Plaintiff alleges this pain causes "uncomfortable day to day living." Plaintiff also alleges that this constitutes "cruel and unusual punishment" on his "body and mind," resulting in disability and leaving him "emotional[ly] discourage[d]." Plaintiff's wound "still [has] leakage of puss," and Corizon "still" refuses to acknowledge Plaintiff's MRSA infection and the pain resulting from it.

Plaintiff seeks injunctive relief, asking the Court to "be taken to outside hospital for proper treatment," including "skin grafting and therapy" for his right arm.

---

[1] If Plaintiff is not a pretrial detainee, he should so state in his amended complaint.

3

**IV. Discussion**

Plaintiff brings this civil rights claim against Corizon Health. Plaintiff alleges that Corizon medical staff's refusal to provide further medical treatment for his right arm, which had previously been infected with MRSA, constitutes cruel and unusual punishment. Plaintiff also brings a claim for inadequate medical care. Plaintiff seeks injunctive relief, asking the Court to order "proper treatment." The Court dismisses all of Plaintiff's claims with leave to amend and denies without prejudice Plaintiff's request for injunctive relief.

**A. Municipal Entity Liability**

It appears Plaintiff intends to bring a municipal liability claim against Corizon. Corizon is a private entity that provides correctional healthcare services, including at the Fresno County Jail.[2] See Smith v. Corizon Health, Inc., No. C 16-00517 WHA, 2016 WL 1275514, at *1 (N.D. Cal. Apr. 1, 2016) (noting that Corizon Health "became the provider of medical care at Fresno County Jail" sometime in 2014). To bring a civil rights claim against a municipality, local governing body, or private entity or individual performing a public function, a plaintiff must allege sufficient facts showing that: (1) The plaintiff was deprived of a constitutional right; (2) The entity had a policy or custom; (3) The policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) The policy or custom was the moving force behind the constitutional violation. See Mabe v. San Bernardino County, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

Municipal liability may also be imposed when the defendant's omission led to the constitutional violation by its employee. Gibson v. County of Washoe, 290 F.3d 1175, 1186 (9th Cir. 2002). Under this route to municipal liability, the "plaintiff must show that

---

[2] The Court assumes, for the purposes of screening, that a municipal liability claim may be brought against Corizon Health based on the Supreme Court's "public function" test for determining whether the actions of a private entity amount to state action by providing correctional healthcare services. See Jackson v. Metro. Edison Co., 419 U.S. 345, 352 (1974) (noting state action is present when a private entity exercises "powers traditionally exclusively reserved to the State"); see also George v. Sonoma Cty. Sheriff's Dep't., 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010) ("A private physician or hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983.").

the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

Here, Plaintiff has not linked the alleged violation of his rights to a policy or custom attributable to Defendant Corizon. He has also failed to provide any facts showing that Corizon knew of, and then blatantly ignored, the alleged violations committed by its employees such that Defendant's omission constituted deliberate indifference. Plaintiff's municipal liability claim against Defendant Corizon is thus insufficient. Accordingly, Plaintiff's claims against Corizon will be dismissed with leave to amend.

**B.     Linkage**

Under § 1983, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his or her rights. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

At present, Plaintiff has made no factual allegations with respect to misconduct by specific Corizon employees. Corizon Health itself is the only Defendant he names in his complaint. If Plaintiff wishes to proceed against the individuals who provided, or failed to provide, medical care at Fresno County Jail, he must name them in the complaint and must allege sufficient facts to link them to a constitutional violation.

**C.     Inadequate Medical Care**

Plaintiff alleges violations of the Eighth Amendment, which protects prisoners from cruel and unusual punishment in the form of excessive force and inhumane conditions of confinement. However, as Plaintiff appears to be a pretrial detainee and not a prisoner,

5

the Court will analyze his claims of cruel and unusual punishment under the Fourteenth Amendment's Due Process Clause. See Oregon Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003) (noting that constitutional questions regarding the conditions and circumstances of pretrial detainees' confinement are properly addressed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's protection against cruel and unusual punishment).

The standard applicable to a pretrial detainee's claim for inadequate medical care under the Fourteenth Amendment is presently unclear. In the past, such claims were subject to the same state of mind requirement as an Eighth Amendment violation: subjective and deliberate indifference to a substantial risk of serious harm. See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010). However, that holding was recently called into question by the Supreme Court in a Fourteenth Amendment excessive force case, Kingsley v. Hendrickson. 135 S. Ct. 2466, 2473 (2015). The Ninth Circuit Court of Appeals extended the Kingsley rationale to a Fourteenth Amendment failure-to-protect claim in Castro v. County of Los Angeles. 833 F.3d 1060, 1070-71 (9th Cir. 2016). Although Castro did not expressly extend its holding to other Fourteenth Amendment violations, the broad language in that decision indicates that the standard applicable to Eighth Amendment violations is no longer appropriate to analogous Fourteenth Amendment claims. The Court therefore applies the Castro holding to Plaintiff's claim for inadequate medical care.

To proceed on a claim for inadequate medical care under Castro, a plaintiff must allege that "(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." Id. at 1071; see also Guerra v. Sweeny, No. 1:13-cv-

01077-AWI BAM (PC), 2016 WL 5404407, at *3 (E.D. Cal. Sept. 27, 2016) (articulating what the elements of a pretrial detainee's Fourteenth Amendment inadequate medical care claim would be if Castro extended to such cases). With respect to the third element, the defendant's conduct must be "objectively unreasonable." Id. (citing Kingsley, 135 S. Ct. at 2473).

Additionally, although a plaintiff may be unhappy with a particular treatment plan, mere disagreement with a treatment plan does not suffice to support a claim under section 1983. Jackson v. MacIntosh, 90 F.3d 330, 332 (9th Cir. 1996). When adjudicating claims for inadequate medical care, "the Constitution only requires that the courts make certain that professional judgment was in fact exercised." Youngberg v. Romeo, 457 U.S. 307, 321 (1982). It is inappropriate for the courts to determine "which of several professionally acceptable choices should have been made." Id.

The Court first addresses the medical care provided by CRMC and, separately, care provided by Corizon staff at Fresno County Jail.

**1. Care Provided by CRMC**

Plaintiff claims he underwent a surgical procedure at CRMC for his MRSA infection. This surgery followed an earlier surgery where plaintiff alleges he was infected with MRSA by "a surgeon using a dirty/medical instrument." It is unclear whether Plaintiff intends to bring a claim against these providers for this conduct. To the extent he does so intend, he is advised of the following.

To bring a claim under § 1983, a plaintiff must allege that any violation of a right was committed by a person "acting under color of state law." See Ketchum, 811 F.2d at 1245 (citations omitted); see also Atkins, 487 U.S. at 54-55 (holding that private physician acted under color of state law when he provided medical services to state prisoner pursuant to a contract with the state). Plaintiff has not pled sufficient facts to show that he meets this requirement, as it is unclear whether CRMC staff who treated Plaintiff were acting under color of law. Accordingly, the Court will not examine the treatment provided to Plaintiff at CRMC. If Plaintiff wishes to allege that any part of his treatment at CRMC

was a violation under § 1983, he must first allege sufficient facts showing CRMC personnel were acting under color of law.

### 2. Care Provided by Corizon Health Staff at Fresno County Jail

Plaintiff claims he was treated with antibiotics and wrappings following the surgery to treat his MRSA infection. Plaintiff also alleges that Corizon staff canceled his appointment at CRMC, despite his claim that his right arm remains infected with "leakage of puss."

#### a. Treatment Consisting of Antibiotics and Wrappings

First, as to Plaintiff's allegations with respect to his treatment consisting of antibiotics and daily wrappings, it is unclear whether such treatment was provided at CRMC or by Corizon staff at Fresno County Jail. As noted above, the Court will not focus on treatment provided at CRMC given the insufficiency of the facts with respect to whether any CRMC staff who were involved in Plaintiff's treatment (and who are not named as defendants in Plaintiff's complaint) were acting under color of law.

To the extent Plaintiff alleges that such treatment was provided by Corizon staff at Fresno County Jail, the Court again notes that Plaintiff has not linked any specific individuals to this treatment, nor has he alleged facts to support liability on the part of Corizon Health. In any event, the alleged facts are insufficient to state a claim under the Fourteenth Amendment. These facts do not suggest that Plaintiff was at "substantial risk of suffering serious harm." Plaintiff was prescribed antibiotics and given daily wrappings. There is nothing to suggest the Court should question the professional judgment medical providers exercised here, and nothing to indicate that the course of action taken by those providers was objectively unreasonable or professionally unacceptable. Youngberg, 457 U.S. at 321. Plaintiff's disagreement with his course of treatment (that he was prescribed antibiotics "for only 7 days") is insufficient to support a § 1983 claim. See MacIntosh, 90 F.3d at 332.

**b. Corizon Health Staff's Cancellation of Appointment at CRMC**

With respect to Plaintiff's allegations concerning the cancellation of his appointment at CRMC, however, Plaintiff may be able to state a claim under § 1983. Plaintiff alleges that Corizon staff canceled his last appointment at CRMC. This decision, Plaintiff claims, was based on Corizon staff's determination that Plaintiff "didn't need medical treatment." Jail medical staff's decision to cancel an appointment set by Plaintiff's primary medical provider (CRMC) may have been objectively unreasonable under Castro. 833 F.3d at 1071. Plaintiff alleges his right arm, having been infected with MRSA, is still leaking puss. Under these circumstances, Corizon staff's decision to cancel Plaintiff's appointment may constitute an intentional decision creating conditions that put Plaintiff at substantial risk of suffering serious harm. Id. Their decision to cancel Plaintiff's appointment may show that Corizon staff failed to take reasonable measures to abate Plaintiff's risk of further infection or prolonged pain in his right arm. Id. This is especially true given Plaintiff's allegations that his arm continues to discharge puss and that he continues to suffer from pain and nerve damage. When viewed in the light most favorable to Plaintiff, Plaintiff's allegations could be read to suggest that a reasonable provider in these circumstances would have appreciated the high degree of risk and would not have made the intentional decision to cancel Plaintiff's appointment at CRMC. Id.

Finally, even if Castro does not extend to other Fourteenth Amendment claims, Plaintiff may be able to bring a cognizable § 1983 claim under the Eight Amendment's higher subjective deliberate indifference standard. Corizon staff's decision to cancel Plaintiff's appointment, despite allegedly knowing Plaintiff's medical history of MRSA infection and being aware of Plaintiff's continuing infection, may constitute deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (noting that deliberate indifference may manifest "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed"); Jett v. Penner, 439 F.3d 1091, 1097-98 (9th Cir. 2006) (noting that prison doctor may have been deliberately

indifferent to a prisoner's medical needs when he decided not to request a consultation that the prisoner's emergency room doctor had previously ordered); Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (stating that a prisoner may establish deliberate indifference by showing that a prison official intentionally interfered with his medical treatment); Wakefield v. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999) ("[A] prison official acts with deliberate indifference when he ignores the instructions of the prisoner's treating physician or surgeon.").

Plaintiff's alleged facts suggest that the treatment (or lack thereof) provided by Corizon staff at Fresno County Jail differed from that which providers at CRMC recommended. Such conduct may amount to inadequate medical care in violation of Plaintiff's Fourteenth Amendment rights under Kingsley and Castro. It may also constitute deliberate indifference, a higher legal standard than the objectively unreasonable standard set forth in Castro. This is especially true in light of Plaintiff's allegations that his wound still has "leakage of puss" and that he continues to be in pain. However, Plaintiff must link his allegations to specific Corizon staff members, and must show that these staff members failed to take reasonable measures to abate any risks associated with Plaintiff's wound, despite having an opportunity to do so. Accordingly, Plaintiff's claim alleging inadequate medical care will be dismissed with leave to amend.

**D. Preliminary Injunction**

Plaintiff asks the Court to provide injunctive relief and "be taken to outside hospital for proper treatment," including "skin grafting and therapy" for his right arm. Although unclear from the complaint, the Court construes this as a request for preliminary injunctive relief.

Injunctive relief is an "extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in

his favor, and that an injunction is in the public interest." <u>Am. Trucking Ass'ns, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting <u>Winter</u>, 555 U.S. at 20).

At this stage of the proceedings, Plaintiff is not entitled to preliminary injunctive relief. As discussed above, Plaintiff's claim for inadequate medical care fails to rise to a cognizable claim. Though Plaintiff may be able to state a cognizable claim after curing the deficiencies noted by the Court, Plaintiff has not shown here that he is likely to succeed on the merits. Additionally, because Plaintiff has failed to link any Corizon staff members to a violation, there is no Defendant against whom injunctive relief may be ordered. <u>See</u> <u>Zepeda v. U.S. Immigration and Naturalization Serv.</u>, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.") Accordingly, Plaintiff's request for injunctive relief will be denied without prejudice.

## V.     Conclusion

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant Plaintiff an opportunity to file an amended complaint. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. <u>Id.</u> Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint,"

| | |
|---|---|
| 1 | reference the appropriate case number, and be an original signed under penalty of |
| 2 | perjury. Plaintiff's amended complaint should be brief. <u>See</u> Fed. R. Civ. P. 8(a). Although |
| 3 | accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief |
| 4 | above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). |

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for preliminary injunctive relief is denied without prejudice;
2. Plaintiff's complaint is DISMISSED for failure to state a claim on which relief may be granted;
3. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed February 27, 2017;
4. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
5. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   April 25, 2017                    /s/ *Michael J. Seng*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE